## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Gant, | Case No. 23-CV-1766 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| M. King, | |
| Respondent. | |

This matter comes before the Court on Petitioner Joseph Gant's ("Gant") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1 ("Petition")). For the following reasons, the Court recommends denying the Petition and dismissing this action.

## BACKGROUND

In July 2017, a grand jury in the U.S. District Court for the District of Wyoming indicted Gant on various criminal charges. *See United States v. Gant*, No. 1:17-cr-0175 (ABJ) at Dkt. 1 (D. Wyo. July 20, 2017).[1] In November 2017, Gant pleaded guilty to one count of conspiring to distribute methamphetamine (in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)) and one count of possessing methamphetamine with the intent to distribute (in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)). *See id.*; *Gant* Dkt. 60. U.S. District Judge Alan B. Johnson sentenced Gant, as relevant here, to

---

[1] In what follows, the Court will use ""*Gant* Dkt. __" to refer to materials filed in Gant's criminal case.

121 months imprisonment.  *See Gant* Dkt. 85 at 2.  Gant is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.  (*See* Dkt. 1 at 1.)[2]

Gant asserts that he is challenging "[h]ow [his] sentence is being carried out, calculated, or credited by prison or parole authorities . . . ."  (*Id.* at 2.)  Specifically, he claims that the Federal Bureau of Prisons ("BOP") is "[i]ncorrect[ly] appl[ying]" his "First Step Act Time Credits and Second Chance Act Halfway House Time."  (*Id.*)  The Petition raises two grounds.

In Ground One, Gant claims that his "liberty interest in (non-car[c]eral) custody time under the First Step Act . . . is being violated by the BOP's current approved transfer to RRC date being months after his FSA projected release date."  (*Id.* at 7.)  As the Court understands this argument, Gant contends that he has "over" 765 days' of First Step Act time credits.  (*See id.*)  Gant's projected release date was December 21, 2025; once one applies 365 days' worth of First Step Act time credits to his release date, that date becomes December 21, 2024.  (*See id.*; *see also* Dkt. 1-1 at 3 (sentence-computation printout).)  Gant argues that if one then also applies the remaining 400 days of First Step Act time credits that Gant claims he is entitled to, his projected "release from incarceration" (by which the Court assumes Gant means release to a residential reentry center or home confinement) date becomes December 26, 2023.[3]  (*See* Dkt. 1 at 7.)  Gant

---

[2]   Unless stated otherwise, references to page citations refer to the CM/ECF pagination.

[3]   The Court notes that shifting Gant's release date from December 21, 2024, to December 26, 2023, involves only 361 days.  The date actually 400 days earlier than December 21, 2024, is instead November 17, 2023.

contends that BOP officials assigned him a "halfway house date" of December 26, 2023, which he claims is "20 days after he is guaranteed to be released from incarceration," thereby "keeping [him] incarcerated longer than the law allows." (*Id.*)[4]

In Ground Two, Gant reports that a "BOP Unit team determined pursuant [to 18 U.S.C. § 3621(b)] that [Gant] had a rehabilitative need of 7 months of RRC Placement." (*Id.* at 9.) Accordingly, he says, this team requested a "halfway house placement date" of May 23, 2023. (*Id.*) Because the BOP nevertheless has Gant slotted for a halfway-house date of December 26, 2023, Gant claims that he is being kept incarcerated impermissibly—that is, he should already have been placed into a halfway house. (*See id.*)

For relief, Gant asks for "expedited responses" and for this Court to "order the BOP to grant [him] immediate placement in [a] halfway house." (*Id.* at 10.)

## ANALYSIS

**A.    Exhaustion**

As a preliminary point, the Court addresses exhaustion. Generally, federal prisoners like Gant can seek federal habeas corpus relief only after exhausting available administrative remedies. *See, e.g.*, *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (citing cases); *Johnson v. Eischen*, No. 22-CV-1039 (ECT/ECW),

---

[4]    As in note 2 above, the Court is unsure about the right dates here. On its face, if Gant thinks his projected release date should be December 26, 2023, and the BOP has that same date as Gant's projected release date, there seems to be no gap here. And even if (following note 2) Gant's projected release date (including the 400 additional FSA credits) is actually November 17, 2023, and the BOP's "halfway house date" for Gant is December 26, 2023, the timespan here is 39 days, not 20.

3

2023 WL 2563148, at *4 (D. Minn. Feb. 22, 2023) (same), *R. & R. adopted*, 2023 WL 2560838 (D. Minn. Mar. 17, 2023).  Here Gant concedes that he has not tried to exhaust his administrative remedies; he says doing so would be "futile."  (Dkt. 1 at 3.)

The exhaustion requirement for § 2241 petitions is judicially created, not statutorily mandated, so when considering it, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (citing cases), *superseded by statute on other grounds as recognized by Woodford v. Ngo*, 548 U.S. 81, 84-85 (2002); *see also, e.g.*, *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007).  When using this discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy*, 503 U.S. at 501; *see also, e.g.*, *Johnson*, 2023 WL 2563148, at *4 (quoting *McCarthy*).  Generally speaking, caselaw indicates that district courts can excuse the exhaustion requirement when time constraints exist or if seeking administrative remedies would be futile.  *See, e.g.*, *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004); *Johnson*, 2023 WL 2563148, at *4 (citing *Elwood*).

In this case, the Petition on its face suggests that Gant should already have been placed into a halfway house.  Putting aside whether this is correct on the merits, the Court concludes that this timing issue makes exhaustion unnecessary here. (Furthermore, as discussed more below, based on its arguments the Petition should be denied whether exhausted or not.)  The Court will therefore consider the Petition notwithstanding Gant's explicit failure to exhaust administrative remedies.

4

**B.     Jurisdiction**

The Court next considers its jurisdiction to address the Petition. Gant brings the Petition under 28 U.S.C. § 2241. (*See* Dkt. 1 at 1.) Under § 2241(c), as relevant here, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." In other words, to pursue the § 2241 habeas remedy, a prisoner must indicate that his custody gives rise to some sort of federal-law violation. This raises the question of what such violations the Petition actually alleges.

The legal background here does not favor Gant. What he contests here is fundamentally a BOP determination about the proper location of his confinement. Under the Administrative Procedures Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But this general judicial-review grant is limited by § 701(a), which states that the APA—including § 702—does not apply where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Id.* § 701(a)(1)-(2).

The statutes governing the BOP's ability to place a prisoner into RRCs include 18 U.S.C. §§ 3621 and 3624. *See, e.g.*, 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment . . . . The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable . . . ."); *id.* § 3624(c)(1) ("The Director of the [BOP] shall, to the extent

5

practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."). Were that the matter's end, a prisoner could use the APA to challenge BOP placement decisions.

But under 18 U.S.C. § 3625, "[t]he provisions of [§§] 554 and 555 and 701 through 706 of [5 U.S.C.] do not apply to the making of any determination, decision, or order under this subchapter [i.e., 18 U.S.C. §§ 3621-26]." And so the APA's judicial-review grant does not apply to BOP decisionmaking under the statutes affecting Gant's potential transfer to an RRC. In § 702's terms, a "statute[] precludes judicial review" here. *See, e.g.*, *United States v. Nguyen*, No. 16-CR-0340 (MJD/BRT), 2021 WL 3195438, at *2 (D. Minn. July 28, 2021) ("'[C]ourts in this District have held that 18 U.S.C. § 3625 precludes judicial review of the BOP's discretionary decisions under §§ 3621 and 3624 regarding RRC placements.'" (quoting *United States v. James*, No. 07-CR-0366 (MJD), 2021 WL 1785224, at *1 (D. Minn. May 5, 2021)); *Simon v. LaRiva*, No. 16-CV-0146 (ADM/TNL), 2016 WL 1626819, at *4-5 (D. Minn. Mar. 10, 2016) (making same point (citing cases)), *R. & R. adopted*, 2016 WL 1610603 (D. Minn. Apr. 21, 2016).

To be sure, this exception has its own carveout. While district courts cannot generally review BOP decisionmaking, they can consider claims "that the BOP has acted contrary to federal law, violated the U.S. Constitution, or exceeded its statutory authority." *Simon*, 2016 WL 1626819, at *7 (citing *Ambrose v. Jett*, No. 13-CV-2343

6

(PJS/JSM), 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2013)); *see also, e.g.*, *Garcia v. Eischen*, No. 22-CV-0444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (making same point (citing cases)), *R. & R. adopted*, 2022 WL 4080751 (D. Minn. Sept. 6, 2022). This carveout naturally raises the question of just what sort of challenges the Petition raises.

In the Court's view, at least part of the Petition is simply a challenge to the BOP's decision not to grant Gant the RRC placement that he would like. Fundamentally, at least part of the Petition emphasizes that (1) a "BOP Unit Team" thought that it would be best for Gant to have 7 months of RRC placement, but (2) the BOP has not taken up that recommendation and implemented it. (*See* Dkt. 1 at 9.) To the extent the Petition makes this argument, this Court cannot review the BOP's decision. The Court therefore recommends dismissing the Petition without prejudice to the extent Gant challenges BOP decisionmaking about his RRC placement without posing a specific constitutional or federal-law challenge.

## C.    Merits of Other Challenges

Of course, this leaves whatever parts of the Petition do raise specific constitutional or federal-law challenges; here the Court has jurisdiction. On this Court's review, Gant specifies only two such challenges. First, as part of Ground One, he contends (as the Court understands it) that the BOP's decision not to follow the recommendation of the BOP Unit Team as to "the reintegration time the experts . . . determined he needed" violated Gant's "Due Process rights to a statutory mandated shorter sentence." (*Id.* at 7.) The Court construes this as a challenge under the Fifth Amendment's Due Process

7

Clause—and specifically, a procedural-due-process challenge. Second, as part of Ground Two, Gant asserts that he "has a statutory right to [the aforementioned] 7 month [of RRC placement]." (*Id.* at 8.) The Court will consider these two challenges in turn.

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. To allege a Fifth Amendment procedural-due-process claim, one must assert "'a deprivation of life, liberty, or property without sufficient process.'" *Padda v. Becerra*, 37 F.4th 1376, 1382 (8th Cir. 2022) (quoting *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 994 (8th Cir. 2016)); *Bishop v. Swanson*, No. 12-CV-0135 (KMM/DTS), 2023 WL 1786468, at *15 (D. Minn. Jan. 24, 2023) (presenting similar test (quoting *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 966 (8th Cir. 2015)), *R. & R. adopted*, 2023 WL 2523902 (D. Minn. Mar. 15, 2023).

Putting aside any questions about what process occurred here—the Court need not, so will not, opine on that—Gant's procedural-due-process claim here depends on RRC placement being the sort of "life, liberty, or property" interest that the Due Process Clause protects. And here caselaw is clear that RRC placement is not such an interest. *See, e.g.*, *Khdeer v. Paul*, No. 18-CV-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) ("Petitioner does not have a constitutionally protected liberty interest in serving his sentence at a particular institution." (citing cases)), *R. & R. adopted*, 2019 WL 79318 (D. Minn. Jan. 2, 2019); *United States v. Acosta-Cruz*, No. 11-CR-0024 (SRN/FLN), 2018 WL 5801900, at *3 (D. Minn. Nov. 6, 2018) ("[Defendant] has failed to assert a constitutionally protected liberty interest as inmates do not have a

8

constitutional right to pre-release RRC placement." (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). The upshot here is that Gant's procedural-due-process claim fails, and the Court will recommend denying the Petition to the extent it advances that argument.

This leaves Gant's suggestion, in Ground Two, that he has a "statutory right" to RRC placement. Gant does not specify what statute gives him this right. Presumably, he is referring to 18 U.S.C. § 3624(c)(1), which states that "[t]he Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." But while § 3624(c)(1) uses the word "shall" here, it also qualifies that requirement with the phrase "to the extent practicable." Furthermore, § 3624(c)(4) specifically dictates that "[n]othing in this subsection [that is, § 3624(c)] shall be construed to limit or restrict the authority of the Director of the [BOP] under [18 U.S.C. § 3621]." As noted above, § 3621(b) specifically states that the BOP "shall designate the place of the prisoner's imprisonment" and that the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] . . . that the [BOP] determines to be appropriate and suitable." Given all this, the Court sees no plausible statutory right to RRC placement under § 3624(c)(1)—and certainly no statutory right violated by the conduct alleged here. The Court therefore recommends denying the

Petition to the extent it claims that the BOP denied Gant a statutory right to RRC placement under 18 U.S.C. § 3624(c)(1).

**D.     Summary**

In summary, then, the Court concludes that Gant's admitted failure to exhaust does not prevent the Court from reviewing the Petition. But a distinct jurisdictional problem exists under 18 U.S.C. § 3625, and so the Court recommends denying the Petition to the extent it challenges BOP decisionmaking concerning Gant's RRC placement without noting a specific constitutional or federal-law problem. And to the extent Gant raises a Fifth Amendment procedural-due-process claim, or some sort of statutory claim based on 18 U.S.C. § 3624(c)(1), the Court recommends denying the Petition on the merits.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Joseph Gant's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED**.

2. This action be **DISMISSED** consistent with this Report and Recommendation.

Dated: July 7, 2023              *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).