UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSEPH GANT, | Case No. 23-CV-1766 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| M. KING, Warden, | |
| Respondent. | |

---

*Pro se* petitioner Joseph Gant petitioned for a writ of habeas corpus under 28 U.S.C. Section 2241, asserting that the Federal Bureau of Prisons ("BOP") is incorrectly applying his "First Step Act Time Credits and Second Chance Act Halfway House Time." (ECF No. 1 at 1.) In a Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommends denying Gant's petition. (ECF No. 6 ("R&R").) Gant objects to the R&R. (ECF No. 9 ("Obj.").) Based on a *de novo* review, the Court overrules Gant's objection and accepts the R&R.[1]

### I. First Objection and Request to Amend the Petition

Gant objects to the R&R, asserting that it misrepresents his petition as claiming that Gant has "a statutory right to RRC placement under 18 U.S.C. § 3624(c)(1)." (Obj. at 4.) He acknowledges that Judge Wright came to this conclusion "most likely due to Gant's

---

[1] Gant adopts the R&R's recitation of the facts of his conviction and sentence, as will this Court. (Obj. at 1.)

in-artful pleadings and word choices." (*Id.*) He asks the Court to "find and replace" the words "RRC [residential reentry center] date" or "halfway house" in his petition with "pre-release custody," or allow him to file a corrected petition.[2] (*Id.* at 1–3.)

Gant attempts to clarify the two grounds for his petition, explaining that his first ground is based on a protected liberty interest in time credits earned under the First Step Act ("FSA"). (*Id.* at 5; ECF No. 1 at 7.) Gant's projected statutory release date is December 21, 2025. (ECF No. 1-1 at 3.) After applying 365 days of FSA time credits, his projected release date becomes December 21, 2024. (*Id.*); *see* https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2023). Gant maintains that after applying additional days of FSA time credits, his projected transfer-to-prerelease-custody date becomes October 17, 2023.[3] (Obj. at 2.) He argues that the BOP violates his Due Process rights by depriving him of at least 70 days of a shorter carceral sentence. (*Id.* at 5 (citing 18 U.S.C. §§ 3632(d)(4)(C) and 3624(g)).)

Gant also asserts that Judge Wright overlooked a second "novel" ground of his petition: that once the BOP unit team determines his release needs under 18 U.S.C.

---

[2] Prerelease custody means placement in either home confinement or a residential re-entry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)–(B).

[3] Gant's habeas petition alleges that his transfer-to-prerelease-custody date is December 26, 2023. (ECF No. 1 at 7.) He maintains that since filing the petition, he has earned another 30 days of FSA time credits, moving his prerelease custody date to October 17. (Obj. at 2; *see id.* at 6 (asserting that the FSA transfer date is a "rolling date getting closer").)

2

Section 3624(b), "some sort of statutory right or obligation attaches to achieve Congress's purpose in the Second Chance Act." (*Id.*; *see* ECF No. 1 at 9; *but see* R&R at 3, 8–9 (addressing Ground Two).) He asks the Court to "overrule[] the R&R on the specifics of what Gant is requesting and look[] anew at his claims and premises as described here in this objection—or—allow Gant to amend and correct this Petition and resubmit it." (Obj. at 6.)

The R&R is based on Gant's operative petition. In reviewing the R&R, the Court will not replace words or consider claims not set forth in the petition. To the extent that Gant moves to amend his petition in this piecemeal fashion, the motion is denied for failing to comply with the Court's Local Rules. *See* D. Minn. LR 15.1(a)) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."); *Roberto M.D. v. Garland*, No. 21-CV-1343 (NEB/TNL), 2021 WL 2590175, at *1 (D. Minn. June 24, 2021) (denying a motion to amend a petition that would result in "a veritable patchwork amendment"). Moreover, the Court "may refuse to grant leave to amend pleadings for . . . futility of the amendment." *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 521 (D. Minn. 2018) (citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). Substituting other words in the petition for the words "pre-release custody" would likely be futile; prerelease custody "is just another form of BOP custody, *see* 18 U.S.C. § 3624(g)(2), and a legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one

3

BOP facility to another) is not a challenge to the fact or duration of confinement." *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *5 (D. Minn. Nov. 3, 2022) (cleaned up) (citing *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022)), *aff'd*, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023).

## II.   Remaining Objections

Gant's remaining objections are based on the R&R's conclusion that his petition does not assert a protected liberty interest in the application of FSA time credits.[4] Gant argues that he has a protected liberty interest in the application of FSA time credits toward prerelease custody based on Section 3632(d)(4)(C). Section 3632(d)(4)(C) provides:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

---

[4] Gant's second objection argues that the R&R failed to address the FSA's shifting transfer-to-prerelease-custody date—allegedly "guaranteed [] under Section 3632(d)(4)"—and the BOP's alleged failure to "ensure sufficient capacity to accommodate" prerelease needs of eligible prisoners under Section 3624(g)(11). (Obj. at 6–7.) His third objection asserts the R&R relied on the wrong statute in considering whether he has a protected liberty interest. Acknowledging that his petition does not identify any statutory basis for his alleged right to be transferred to prerelease custody, he contends that his petition relies on Section 3632(d)(4)(C), rather than Section 3624(c)(1). (*Id.* at 7–8 (citing R&R at 9).) Gant's fourth and fifth objections challenge the R&R's conclusions that his petition does not raise a protected liberty interest in RRC time because RRC time is not a constitutionally protected interest. Gant maintains that his petition does not address RRC time, but the FSA time credits he will lose if the BOP does not transfer him to prerelease custody until December 26, 2023. (*Id.* at 11, 13.)

4

18 U.S.C. § 3632(d)(4)(C). According to Gant, Section 3632(d)(4)(C) creates a protected right in FSA time credits because it satisfies the test set forth in *Moorman v. Thalacker*, 83 F.3d 970 (8th Cir. 1996). (Obj. at 11–12.) Under *Moorman*, "the state must have created a mandatory scheme which necessarily affects the duration of a prisoner's sentence." 83 F.3d at 973. According to Gant, Section 3632(d)(4)(C) creates a "mandatory scheme" because it states that the BOP Director "shall" transfer eligible prisoners into prerelease custody or supervised release, and thus the BOP has no discretion in awarding FSA time credits. (Obj. at 12.)

Courts addressing this issue, including in this District, have determined that prisoners do not have a protected liberty interest in the application of FSA time credits. *See, e.g.*, *Fiorito*, 2022 WL 16699472, at *5–6; *Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023) (concluding that a prisoner does not "have a constitutional right to 'apply' his FSA [time credits] in a specific manner, such as demanding that he be granted prerelease custody or home confinement"), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023). In doing so, some courts have distinguished FSA time credits from good time credits ("GCT"), in which prisoners do have a protected liberty interest:

> [T]here are "two critical differences" between GCT and FSA time credits: (1) "good-time credits entitle a prisoner to a reduction in his sentence, period. In contrast to prisoners who earn good-time credits, prisoners who earn FSA time credits may not be able to apply those FSA time credits" given contingencies in the FSA; and (2) "unlike good-time credit

5

accumulated under § 3624(b), FSA time credits are not a general entitlement. Instead, prisoners are merely afforded the opportunity to earn FSA time credits by participating in recidivism-reduction programming."

*Jun v. Eischen*, No. 22-CV-2704 (JWB/ECW), 2023 WL 5917739, at *8 (D. Minn. June 30, 2023) (cleaned up) (citing *Fiorito*, 2022 WL 16699472, at *6), *report and recommendation adopted*, 2023 WL 5899128 (D. Minn. Sept. 11, 2023); *see Purdy v. LeJeune*, No. 22-CV-2821 (JRT/ECW), 2023 WL 4561334, at *15 (D. Minn. July 17, 2023) ("[U]nlike Good Conduct Time credits, FSA Time Credits are not a general entitlement and the mere opportunity to earn credit toward the satisfaction of a sentence does not create a protected liberty interest."), *report and recommendation adopted*, 2023 WL 5039748 (D. Minn. Aug. 8, 2023). The Court finds this reasoning persuasive, particularly given Section 3632(d)(4)(C)'s incorporation of Section 3624(g).

Section 3632(d)(4)(C) provides that the BOP Director "shall transfer eligible prisoners, *as determined under section 3624(g)*." (Emphasis added). Gant asserts that Section 3624(g) merely addresses logistics—the how and where the Director is to transfer eligible prisoners—leaving no discretion over whether a prisoner has to be transferred to prerelease custody. (Obj. at 9.) The Court disagrees. Under Section 3624(g), the application of FSA time credits depends on the prisoner maintaining "a minimum or low risk to recidivate" as assessed by the BOP or on the prisoner receiving an exception to that requirement from the prison warden. 18 U.S.C. § 3624(g)(1)(D); *see Fiorito*, 2022 WL 16699472, at *5 ("[P]risoners who earn [FSA time credits] may not be able to *apply* those

6

[FSA time credits]."). Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement. *See generally Fiorito*, 2022 WL 16699472, at *6 ("The statute and accompanying regulations betray no expectation that [FSA time] credits could reasonably be regarded as an entitlement, rather than as a benefit that a prisoner might or might not be able to earn at various times during his detention.").

Gant also contends that Section 3632(d)(4)(C) affects the duration of a prisoner's sentence because the FSA time credits reduce a prisoner's term of imprisonment. (Obj. at 12.) The Court is unconvinced. "Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the *place* of the prisoner's confinement." *Griffis v. Segal*, No. 23-CV-01525 (JRT/DLM), 2023 WL 5755779, at *2 (D. Minn. June 6, 2023), *report and recommendation adopted*, 2023 WL 5447282 (D. Minn. Aug. 24, 2023). Thus, Gant's claim that Section 3632(d)(4) requires that his FSA time credits apply toward his prerelease custody addresses the place of his detention. And a prisoner has no liberty interest in being assigned to a particular place of confinement. *See Moorman*, 83 F.3d at 973 ("[T]here is no liberty interest in assignment to any particular prison . . . ."); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."). Because prerelease custody "is just another form of BOP custody,

7

. . . legal action seeking transfer from one form of BOP custody to another . . . is not a challenge to the fact or duration of confinement." *Fiorito*, 2022 WL 16699472, at *5 (citations omitted); *see generally Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). For these reasons, the Court concludes that Gant does not have a protected liberty interest in the application of his FSA time credits toward prerelease custody.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Petitioner Joseph Gant's objection (ECF No. 9) is OVERRULED;

2. The Report and Recommendation (ECF No. 6) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is DENIED;

4. The action is DISMISSED consistent with the Report and Recommendation.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 19, 2023                    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge